UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| HENRY T. CLARK,<br><br>    Plaintiff,<br><br>vs.<br><br>EARL W. COLVARD, INC. d/b/a<br><br>BOULEVARD TIRE CENTERS,<br><br>    Defendant. | Case No.: |

HENRY T. CLARK, by and through his attorneys, Light Path Law, P.A., alleges and states as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff, HENRY T. CLARK (hereinafter, "CLARK"), brings this action against EARL W. COLVARD, INC. d/b/a BOULEVARD TIRE CENTERS (hereinafter, "Defendant" and/or "BOULEVARD TIRE CENTERS"), for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 12201 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA").

2. Defendants hired CLARK on January 2, 2018 as a Manager. During his employment, CLARK had satisfactory job performance. Despite CLARK's many achievements, Defendants subjected him to discrimination and retaliation because he is a sixty-five (65) year old man who had requested reasonable accommodations for his disability.

3. On October 4, 2019, after nearly two years of service to BOULEVARD TIRE CENTERS, Defendants summarily fired CLARK and replaced him with an employee who is younger, without any disability, and with significantly less experience in the tire industry.

4. As a result, CLARK has suffered significant emotional and monetary damages.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the ADEA and the ADA.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that CLARK resides in this district and Defendant conducts its business in the State of Florida, under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and under 28 U.S.C. § 1391(b)(3), in that BOULEVARD TIRE CENTERS is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## CONDITIONS PRECEDENT

7. On December 26, 2019, CLARK timely filed a charge of age and disability discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

8. On or about September 30, 2020, the EEOC issued CLARK a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. CLARK has fully complied with all prerequisites to jurisdiction in this Court under the ADEA and ADA.

## PARTIES

9. CLARK is a sixty-five (65) year old man (born in June of 1955) who resides in Fort Myers, Florida. Plaintiff is a citizen of the United States.

10. CLARK is an employee, as defined by the ADEA and ADA.

11. Upon information and belief, EARL W. COLVARD, INC. d/b/a Boulevard Tire Centers, (hereinafter, "Defendant" and/or "BOULEVARD TIRE CENTERS") is a Florida Corporation with Corporate headquarters located in Deland, Florida. BOULEVARD TIRE CENTERS maintains offices and does business in Fort Myers, Florida. BOULEVARD TIRE CENTERS is an employer as defined by the ADEA and ADA.

**FACTS**

12. CLARK began working for Defendant on January 2, 2018 as a Manager. At the time Defendant hired CLARK, he was sixty-two (62) old.

13. During his tenure, CLARK performed the essential functions of his job with modest accommodation. He was well qualified for his position and his work performance was excellent. He continuously met or exceeded Defendant's legitimate expectations.

14. Shortly after becoming employed, CLARK observed a pattern of employees older than forty being fired or leaving under curious circumstances and replaced with significantly younger employees. In addition, BOULEVARD TIRE CENTERS marginalized CLARK while treating younger similarly-situated employees more favorably.

15. On August 8, 2018, CLARK injured himself at work while unloading trucks and stacking truck tires, resulting in a disability and a Worker's Compensation claim.

16. Although BOULEVARD TIRE CENTERS awarded CLARK a favorable evaluation and pay increase in January 2019, they demoted CLARK to Assistant Manager with a reduction in pay in August 2019. Younger employees and individuals without disabilities were not demoted and did not have their pay reduced.

17. As a result, CLARK believed BOULEVARD TIRE CENTERS was ageist and complained to Dwayne Hempfield, who worked in Human Resources, several times to no avail.

18. After CLARK complained of age discrimination, BOULEVARD TIRE CENTERS ceased accommodating his disability and terminated CLARK's employment without cause. Prior to the termination, BOULEVARD TIRE CENTERS issue CLARK a written discipline on October 4, 2019. The company accused CLARK of theft of trade secrets. This allegation was false, and CLARK felt as though BOULEVARD TIRE CENTERS was compelling him to quit. CLARK did not quit. When CLARK refused to sign the write up form, CLARK was terminated for "insubordination".

19. Tellingly, Defendant replaced CLARK with an individual much younger than CLARK, who has less experience than CLARK.

## COUNT ONE
### DISCRIMINATORY TERMINATION BASED ON AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §§ 12201 ET SEQ.

20. CLARK repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

21. CLARK was sixty-four (64) old and qualified for his position when Defendant fired him.

22. Defendant regularly made discriminatory comments to CLARK and his co-workers referencing his age. For example, Defendant's agents asked CLARK whether he would be able to lift tires and perform his job despite his age.

23. CLARK suffered damages as a result of Defendant's unlawful discriminatory actions, including as at his job, past and future lost wages, accrued and unused vacation time and benefits, and the costs of bringing this action.

24. Defendant willfully violated CLARK's rights under the ADEA and, as a result, is liable for liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

      A. Accept jurisdiction over this matter;

      B. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

      C. Award Plaintiff compensatory and punitive damages;

      D. In lieu of reinstatement, award him front pay (including benefits);

      E. Award to Plaintiff liquidated damages incurred in connection with this action;

      F. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

      G. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT TWO
### RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.SC. §§ 12201 ET SEQ.

25. CLARK repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

26. CLARK was sixty-four (64) old and qualified for his position when Defendant fired him.

27. Prior to his termination, CLARK engaged in protected activity by complaining to Human Resources about discriminatory treatment based on CLARK's age.

28. After CLARK complained of age discrimination, Defendant summarily fired CLARK allegedly because he stole trade secrets and demonstrated insubordination.

29. Defendant's alleged reason for terminating CLARK's employment is pretextual and baseless. Defendant fired CLARK because he complained of age discrimination.

30. CLARK's job was given to an individual who is at least twenty-five (25) younger than CLARK, and who has less experience than CLARK.

31. CLARK suffered damages as a result of Defendant's unlawful retaliatory actions, including past and future lost wages and benefits and the costs of bringing this action.

32. Defendant willfully violated CLARK's rights under the ADEA and, as a result, is liable for liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. In lieu of reinstatement, award him front pay (including benefits);

E. Award to Plaintiff liquidated damages incurred in connection with this action;

F. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

G. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT THREE
### Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*.

33. CLARK repeats and realleges paragraphs 1 through 15 hereof, as if fully set forth herein.

34. On August 8, 2018, CLARK suffered an injury at work, making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. CLARK could perform the essential functions of his position with or without a reasonable accommodation.

35. CLARK, having been diagnosed with a disability and injury which required several surgeries, is a qualified individual with a disability under the Americans with Disabilities Act of

1990, as amended. As a result of CLARK's disability, major life activities, were substantially limited.

36. Following his diagnosis, CLARK informed Defendant that he would need a reasonable accommodation. CLARK provided Defendant with a doctor's note to support his request for reasonable accommodations.

37. Initially, Defendant provided the reasonable accommodations. However, Defendant began to marginalize CLARK while treating similarly-situated employees more favorably.

38. As a result, CLARK complained to Human Resources about Defendant's discriminatory treatment which included posting information to other employees regarding his injury and surgeries.

39. Rather than continuing CLARK's reasonable accommodation, Defendant decided to summarily fire CLARK allegedly because he stole trade secrets and demonstrated insubordination.

40. Defendant's alleged reason for terminating CLARK's employment is pretextual and baseless. Defendant fired CLARK because he complained of disability discrimination.

41. CLARK suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

42. Defendant intentionally violated CLARK's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

    A. Accept jurisdiction over this matter;

    B. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. In lieu of reinstatement, award him front pay (including benefits);

E. Award to Plaintiff liquidated damages incurred in connection with this action;

F. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

G. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT FOUR
### Retaliation in Violation of the Americans with Disabilities Act
### 42 .S.C. §§ 12181 *et seq.*

43. CLARK repeats and realleges paragraphs 1 through 15, and 34-40 hereof, as if fully set forth herein.

44. CLARK was qualified for his position when Defendant fired him.

45. CLARK engaged in protected activity by complaining to Human Resources about Defendant's discriminatory treatment based on CLARK's disability and requests for a reasonable accommodation. Specifically, CLARK told Defendant's Human Resources Department that he was being treated unfairly.

46. Shortly after CLARK complained of disability discrimination, Defendant summarily fired CLARK.

47. Defendant alleged reason for terminating CLARK's employment is pretextual and baseless.

48. CLARK suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

49. Defendant intentionally violated CLARK's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. In lieu of reinstatement, award him front pay (including benefits);

E. Award to Plaintiff liquidated damages incurred in connection with this action;

F. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

G. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 29th day of December, 2020.

                LIGHT PATH LAW, PA
                *Counsel for Plaintiff*
                3620 Colonial Blvd #130
                Fort Myers, FL 33966
                Ph: (239) 689-8481
                Fax: (239) 294-393-
                kscott@lightpathlaw.com (Primary)
                cirick@lightpathlaw.com (Secondary)

By: *Kristie Scott*

                Kristie A. Scott
                Florida Bar No.: 108111